```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF RHODE ISLAND


JUAN C. PADIN,                      :
          Plaintiff,                :
                                    :
     v.                             :    CA 09-039 S
                                    :
EXTRA SPACE STORAGE, L.P.,          :
          Defendant.                :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is a Motion to Remand (Doc. #6) ("Motion") filed by Plaintiff Juan C. Padin ("Plaintiff"). Defendant Extra Space Storage, L.P. ("Defendant"), has filed an Objection (Doc. #9) to the Motion. The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Court has determined that no hearing is necessary. For the reasons stated herein, I recommend that the Motion be denied.

**Facts and Travel**

    On or about January 8, 2009, Plaintiff filed a Complaint in the Providence County Superior Court. See Petition for Removal (Doc. #1), Attachment 1 (Plaintiff's Complaint ("Complaint")) at 3. Plaintiff alleges that on or about November 20, 2007, "his Ford F800 dump body truck, a trailer, and a 2 ton Ingersoll steam roller [were] stolen from EXTRA SPACE STORAGE at 201 Concord Street, Pawtucket, RI." Complaint ¶ 4. The Complaint contains three counts, for negligent bailment, see id. ¶¶ 4-8, conversion, see id. ¶¶ 9-11, and trespass, see id. ¶¶ 12-16.

    Defendant removed the matter to this Court on January 27, 2009. See Petition for Removal at 2; see also Docket. On January 29, 2009, Plaintiff filed an Objection to Defendant's

Petition for Removal (Doc. #2).  The instant Motion was filed on February 3, 2009, followed on February 17, 2009, by Defendant's Objection.

## Discussion

The Motion seeks to have this action remanded to the Providence County Superior Court.  <u>See</u> Motion.  The only reason advanced for the remand is that "the Superior Court, for the County of Providence in the State of Rhode Island[,] has adequate jurisdiction to handle this matter."  Memorandum in Support of Plaintiff's Motion to Remand.  Plaintiff expresses no challenge to the propriety of the removal or to the existence of subject matter jurisdiction in this Court.  <u>See</u> <u>id.</u>  He does not dispute Defendant's statements in the Petition for Removal that the action "involv[es] a controversy between an individual and a corporation located in different states ...," Petition for Removal ¶ 3, and that "[t]he controversy between said parties exceeds the sum of Seventy-five Thousand ($75,000.00) Dollars, exclusive of interest and costs," <u>id.</u> ¶ 4; <u>see also</u> 28 U.S.C. § 1332(a);[1] 28 U.S.C. § 1441(a).[2]  In short, Plaintiff has offered

---

[1] Section 1332(a) provides:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
    (1) citizens of different States;
    (2) citizens of a State and citizens or subjects of a foreign state;
    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the

no basis for the Court to remand the matter.  See Bartlett v. Pennsylvania Blue Shield, No. Civ.A. 02-4591, 2003 WL 21250587, at *2 (E.D. Pa. Mar. 31, 2003)("It is well established that concurrent jurisdiction is not a basis for remand after a proper removal to federal court.").  Accordingly, I recommend that the Motion be denied.

### Conclusion

I recommend that Plaintiff's Motion to Remand be denied. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10)[3] days of its receipt.  See Fed. R. Civ. P. 72(b); D.R.I. LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

State in which such alien is domiciled.

28 U.S.C. § 1331(a).

[2] Section 1441(a) states that:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

[3] The ten days do not include intermediate Saturdays, Sundays, and legal holidays.  See Fed. R. Civ. P. 6(a).

<u>/s/ David L. Martin</u>
DAVID L. MARTIN
United States Magistrate Judge
March 3, 2009